GROSS, Judge,
concurring in part, dissenting in part.
I concur with all portions of the majority opinion except on the narrow issue of statutory construction.
If section 796.08, Florida Statutes (1993) applies to this case, it is because the defendant “procured” the juvenile victim for prostitution within the meaning of the statute. Historically, the term “procure” has a specific meaning when used in a statute dealing with prostitution; in the dictionary definitions cited by the majority, a procurer of a prostitute is a pimp, one who obtains a prostitute for another. Although the majority broadly construes the term “procure,” this is contrary to the rule of construction of section 775.021(1), Florida Statutes (1993), which requires that criminal offenses “be strictly construed,” so that when the language of a criminal offense “is susceptible of differing constructions, it shall be construed most favorably to the accused.” In my view, section 796.03 is directed at those who procure juvenile prostitutes for others. In the argot of prostitution law, the defendant’s conduct amounted to “solicitation,” contrary to section 796.07(2)(f), Florida Statutes (1993). The case might also have been charged as child abuse under section 827.04(3), Florida Statutes (1993).